The Honorable Jim Hendren State Representative Route 1, Box 260 Sulphur Springs, Arkansas 72768
Dear Representative Hendren:
This is in response to your request for an opinion on a question involving the imposition of a millage to provide for the "administration and operation" of a county library facility under Amendment 72 to the Arkansas Constitution. You indicate that such a county library millage is being contemplated in a county in your district (Benton County), but that a city within that county (Rogers), "already has a library facility and its own financing of said library." Your questions in this regard are as follows:
 Can a city be excluded from the provisions of Amendment 72 by either ballot title or definition while the rest of the county is [sic] pays for a county-wide library?
 If they can not be excluded from the election, can they be excluded from the imposition of the millage by the wording of the initiative?
Stated another way, you have asked "if the city of Rogers may be excluded from either the election and mill collection or included in the election but not taxed or served."
It is my opinion that if the City of Rogers has levied a library millage under the provisions of Amendment 30 which it collects against city property, then any new county library millage is not, by operation of law, to be collected against city property, and the voters of the city are not entitled to vote on the question of the county levy.
I assume your question involves a plan to utilize Amendment 38, Section 1, to levy a millage for the purpose of "maintaining and operating a public county library."[1] Amendment 72 to the Arkansas Constitution amended existing Amendments 30 (regarding city library millages) and 38 (regarding county library millages). Amendment 72, however, left unamended Section 2 of each of these earlier Amendments. Section 2 of Amendment 38 (which governs the levy of county library millages), provides in relevant part that:
 If a majority of the qualified electors voting on the question at such election vote in favor of the specified tax, then it shall thereafter be continually levied and collected as other general taxes of such county are levied and collected; provided, however, that such tax shall not be levied against any real or personal property which is taxed for the maintenance of a city library, pursuant to the provisions of Amendment No. 30; and no voter residing within such city shall be entitled to vote on the question as to whether county tax shall be levied.
Arkansas Constitution, Amendment 38, § 2 (emphasis added).
It is clear from the language above that if a particular city already levies a city library millage under Amendment 30, its residents are not subject to a county library millage levied under Amendment 38, Section 1, and are not entitled to vote in the county election. You have noted that the City of Rogers has its own library facility and its "own financing," and you state that the purpose of your question is "to provide a means of financing a county-wide library without requiring people already taxed and served to have to pay again." You have not indicated, however, the exact method by which the City of Rogers funds its library facility. If the funding is pursuant to Amendment 30, then clearly, the answer to your question is provided by Amendment 38, Section 2, set out above. If the funding is derived from some other source, however, the exception listed in Section 2 may not apply.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Section 5 of the same Amendment authorizes a millage for "capital improvements to or construction of" a public county library.